UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LAWRENCE CHRISTOPHER
GERICH,

    Plaintiff,

v.                                          Case No. 3:22cv24711-LC-HTC

ESCAMBIA COUNTY, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff Lawrence Christopher Gerich, a pretrial detainee proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983 relating to the conditions of his confinement at the Escambia County Jail ("Jail"). ECF Doc. 8. After reviewing the complaint, the undersigned concludes this case should be dismissed without prejudice, as Plaintiff has failed to state a claim against any of the named Defendants and failed to cure the deficiencies identified in his original complaint.

**I.    Background**

Plaintiff sues W. Hallford, a sergeant at the Jail, and Escambia County ("County"). ECF Doc. 8 at 1-3. The amended complaint sets forth the following

factual allegations, which are accepted as true for purposes of this Report and Recommendation.

Plaintiff is detained at the Jail, which has black mold and "has been condemned." During his approximately 8-month detention, Plaintiff has experienced breathing problems, rashes, headaches, stomach problems, vision problems, and a spinal cord tumor. His religious materials, "food," and "commissary" were "taken and not given back." He was also placed in confinement.

Based on the foregoing, Plaintiff alleges his constitutional rights have been violated during his detention at the Jail.[1] As relief, he seeks damages.

## II.   Legal Standard

Because Plaintiff is a pretrial detainee proceeding *in forma pauperis* and seeking relief from governmental entities, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  To state a claim, Plaintiff must plead factual content which allows the Court to draw the reasonable inference the Defendant is liable for the misconduct alleged.  *Ashcroft v.*

---

[1] "Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners.  However, the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees."  *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996) (citations omitted).

*Iqbal*, 556 U.S. 662, 678 (2009). The Court must read Plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III. Discussion

#### A. Plaintiff has not established the conditions at the Jail were caused by a custom or policy

In its January 23, 2023, Order, ECF Doc. 7, the Court advised Plaintiff that to bring a claim against Escambia County relating to his conditions of confinement, he must allege facts showing a causal connection between the County's action or inaction and the alleged constitutional violation. "To hold a county liable, a plaintiff must show that (1) 'his constitutional rights were violated'; (2) the county 'had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation.'" *Faulkner v. Monroe Cty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) (quoting *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004)).

"A policy is a decision that is officially adopted by the municipality or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997) (citing *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1479-80 (11th Cir. 1991)).

"A custom is a practice that is so settled and permanent that it takes on the force of law." *Id.* (citing *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690-91 (1978)). A county's failure to correct the constitutionally offensive actions of its employees can rise to the level of a custom or policy "if the municipality tacitly authorizes these actions or displays deliberate indifference" toward the misconduct. *Brooks v. Scheib*, 813 F.2d 1191, 1193 (11th Cir. 1987). Additionally, to impose liability on municipal actors for their custom or policy, a plaintiff must allege facts showing the municipality acted with deliberate indifference to the known or obvious consequences of their conduct. *Hines v. Parker*, 725 F. App'x 801, 806 (11th Cir. 2018); *see also Goodman v. Kimbrough*, 718 F.3d 1325, 1331-32 (11th Cir. 2013) (To show deliberate indifference, a plaintiff must prove: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence.") (quoting *Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1158 (11th Cir. 2010)).

Despite previously informing Plaintiff of the factual allegations needed to state a claim against an entity like the County, Plaintiff still has not alleged any facts indicating the conditions at the Jail are the result of a custom or policy of the County. Because Plaintiff's amended complaint does not establish a causal connection between the County and the alleged constitutional violations, it fails to state a claim against the County.

**B.   Plaintiff has not stated a claim against Defendant Hallford**

In its January 23 Order, the Court told Plaintiff that in his statement of facts, he should "clearly describe how each named defendant is involved in each alleged constitutional violation[.]" ECF Doc. 7 at 8.  Nevertheless, despite naming Sergeant Hallford as a Defendant, Plaintiff has not alleged any facts regarding Hallford.  *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018) (Rule 8 requires that a complaint "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.") (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)).  Thus, Plaintiff has failed to state a claim against Hallford.  *See Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) ("[S]ection 1983 requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation.") (citation omitted).

## IV.   Conclusion

The Court screened Plaintiff's original complaint, advised Plaintiff of its deficiencies, and directed him to submit an amended complaint correcting those deficiencies.  Plaintiff's amended complaint, however, still suffers from the same flaws identified in the original complaint.  Most importantly, Plaintiff has failed to establish a custom or policy of Escambia County was the moving force behind any of the alleged constitutional violations.  Because Plaintiff has failed to state a viable

claim against the Defendants and failed to cure the deficiencies identified in the original complaint through amendment, this case should be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Skillern v. Ga. Dep't of Corr. Comm'r*, 379 F. App'x 859, 860 (11th Cir. 2010) (affirming dismissal of *pro se* prisoner complaint for failure to correct Rule 20 deficiencies after being directed to do so by magistrate judge); *cf. Brennan v. Comm'r, Ala. Dep't of Corr.*, 626 F. App'x 939, 945-46 (11th Cir. 2015) ("A *pro se* litigant must be given at least one opportunity to amend his complaint before the court dismisses the action with prejudice if it appears that a more carefully drafted pleading would state a claim upon which relief could be granted.").

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) due to Plaintiff's failure to state a claim upon which relief may be granted.

2. That the clerk close the file.

At Pensacola, Florida, this 9th day of February, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.